**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-2179

———————

UNITED STATES OF AMERICA

v.

MONIQUE JOHN,

Appellant.

---

On Appeal from the District Court of the Virgin Islands
(Division of St. Thomas)
District Court No. 3-10-cr-00035-001
District Judge:  Honorable Curtis V. Gomez

---

Submitted Under Third Circuit LAR 34.1(a)
on December 8, 2011

Before:  FISHER, GREENAWAY, JR. and ROTH, Circuit Judges

(Opinion filed: April 25, 2012)

———————

O P I N I O N

———————

**ROTH**, Circuit Judge:

        Monique John appeals the District Court's judgment, convicting her of possession

with intent to distribute a controlled substance within one thousand feet of a playground,

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 860(a) and possession with

intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  For the following reasons, we will affirm the judgment of the District Court.

## I. <u>Background</u>

We write exclusively for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

In September 2009, David Parkhurst, an agent with the Drug Enforcement Administration, directed confidential informant Elias Deebs to contact and negotiate the purchase of narcotics from John, a suspected drug dealer.  Deebs approached John outside a strip club at Coki Point Plaza in the Smith Bay area of St. Thomas and initiated a discussion for the purchase of two ounces of crack cocaine.  John informed Deebs that the drugs would cost $1,750.00.  After Deebs indicated that the price was acceptable, the parties exchanged phone numbers.  Following several discussions between John and Deebs confirming the pending drug transaction, Parkhurst provided Deebs with $2,000.00 to purchase the crack cocaine from John.  On September 10, 2009, the date of the controlled purchase, John telephoned Deebs to change the location of the transaction because the area she had previously selected was "looking like funny."  John and Deebs completed the controlled purchase at John's newly chosen location, which, incidentally, was within a thousand feet of Bay Tiny Tots playground in the area of Coki Point Plaza.

Three days before commencement of trial, the government disclosed seventy-eight pages of supplemental discovery pertaining to the distance between the site of the

controlled purchase and Bay Tiny Tots playground. John moved to strike the disclosures as untimely and sought to have the evidence and related testimony excluded. Although the District Court ruled that the government's disclosure violated Federal Rule of Criminal Procedure 16, it permitted Parkhurst to testify about the distance between the playground and location of the controlled purchase.

After the court charged the jury, John reminded the court about her notice of entrapment defense and prior request for an instruction on that defense. The District Court denied John's request, finding that an instruction was not warranted because she had failed to present sufficient evidence of entrapment.

The jury found John guilty of possession with intent to distribute a controlled substance within one thousand feet of a playground and possession with intent to distribute a controlled substance. At her April 2011 sentencing, the court denied John's request to retroactively apply the Fair Sentencing Act of 2010. John appealed. On October 24, 2011, John filed an unopposed motion for partial remand for resentencing pursuant to *United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011).[1] We granted the motion, and John was resentenced on November 3, 2011. We now address her remaining claims.

## II. Discussion

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1] In *Dixon* we held "that the FSA requires application of the new mandatory minimum sentencing provisions to all defendants sentenced on or after August 3, 2010, regardless of when the offense conduct occurred." 648 F.3d at 203.

3

## A. Evidentiary Ruling

A district court's decision regarding admissibility of evidence is reviewed for an abuse of discretion. *United States v. Serafini*, 233 F.3d 758, 768 n.14 (3d Cir. 2000) (citing *United States v. Pelullo*, 964 F.2d 193, 199 (3d Cir. 1992)). "To show an abuse of discretion, . . . [an] appellant[] must show that the trial court's action was arbitrary, fanciful or clearly unreasonable." *Stich v. United States*, 730 F.2d 115, 118 (3d Cir. 1984).

John asserts that the District Court abused its discretion when it permitted Parkhurst to testify about the distance between the location of the controlled purchase and Bay Tiny Tots playground. According to John, Parkhurst's testimony should have been excluded because the court ruled that the government violated Rule 16 of the Federal Rules of Criminal Procedure when it untimely disclosed the supplemental discovery materials relating to Parkhurst's testimony. We find this argument meritless. With respect to witness testimony, Rule 16 only requires the government to disclose a written summary of the anticipated testimony of an expert witness. Fed. R. Crim. Pr. 16(a)(1)(G). Here, Parkhurst testified as a lay, not expert witness. Thus, his testimony was not barred under Rule 16. *See United States v. Hamaker*, 455 F.3d 1316, 1331-32 (11th Cir. 2006).

Moreover, John was aware months before trial that the government was required to prove the distance between the site of the controlled purchase and Bay Tiny Tots playground. Throughout this time frame, nothing prevented her from securing her own measurements prior to trial. Furthermore, once John learned that Parkhurst would testify

4

that the distance between the two locations was less than one thousand feet, she neither sought a continuance nor demonstrated how the alleged absence of notice resulted in any prejudice. *See United States v. Quinn*, 230 F.3d 862, 866-67 (6th Cir. 2000)[2] We, therefore, conclude that the District Court did not abuse its discretion.

## B. Entrapment Defense

John claims that the District Court erred when it refused to instruct the jury on her entrapment defense. "As a general proposition, a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Gov't of V.I. v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010) (internal quotations omitted). Thus, as a prerequisite to an instruction on entrapment, the defendant must present sufficient evidence of the elements of the defense. *United States v. Fedroff*, 874 F.2d 178, 181 (3d Cir. 1989). We apply plenary review to determine whether an entrapment instruction is warranted. *Id.* at 182.

The entrapment defense will defeat a prosecution only when the "criminal design" has been set in the defendant's mind by the government's deception. *Id.* at 181. The entrapment defense has two related elements: (1) government inducement of the crime, and (2) a lack of predisposition on the part of the defendant to engage in the criminal conduct. *United States v. Wright,* 921 F.2d 42, 44 (3d Cir. 1990) (citing *Mathews v.*

---

[2] John also contends that her defense was "prejudiced by the court's ruling since the government had presented two alternative locations for proving the school zone element," Little Blossom Daycare and Bay Tiny Tots playground. According to John, the government allegedly knew that the daycare did not meet the statutory requirements of a school pursuant to 21 U.S.C. § 860(a). We find this argument without merit and will not address it because nothing in the record supports her assertion.

*United States,* 485 U.S. 58, 63 (1988)).  Inducement by the government "may take many forms, including persuasion, fraudulent representation, threats, coercive tactics, harassment, promises of reward or pleas based on need, sympathy or friendship."  *Id.* at 45 (internal quotations omitted).

John asserts that she was entitled to an instruction on entrapment because the government induced her to sell crack cocaine by providing Deebs with recording devices, paying him for his service as a confidential informant, and giving him money to facilitate the purchase of the drugs.  These facts, however, are insufficient evidence of entrapment to warrant a jury charge on the defense.  We have held that "mere solicitation by the government [or an agent acting on its behalf], without more, is not inducement."  *Wright,* 921 F.2d at 45 (internal quotations omitted).  Additionally, John failed to present any evidence of her lack of predisposition to engage in criminal activity.  Instead, the evidence demonstrated her propensity toward illegal conduct.  *See United States v. Armocida*, 515 F.2d 49, 56 (3d Cir. 1975).  John established the price of crack cocaine, engaged in numerous phone conversations with Deebs about the pending sale, and selected the location for the transaction.  *See United States v. Marino*, 868 F.2d 549, 553-54 (3d Cir. 1989).  Accordingly, the District Court did not err when it denied John's request for an instruction on the entrapment defense.[3]

---

[3]  John also contends that the District Court erred when it failed to timely rule on her request for an entrapment instruction.  We need not address this claim because John was not entitled to an instruction regarding the defense of entrapment.  *See United States v. Remoi,* 404 F.3d 789, 792 (3d Cir. 2005).

**III.  Conclusion**

For the foregoing reasons, we will affirm the judgment entered by the District Court.